# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JUAN HUMBERTO CASTILLO-ALVAREZ,<br><br>   Plaintiff,<br><br>vs.<br><br>RANDY W. KRUKOW,<br><br>   Defendant. | No. C14-4029-MWB<br><br>**ORDER** |

## *I. INTRODUCTION*

This matter appears before the court on the remand (docket nos. 12 & 13) and the mandate (docket no. 14) from the Eighth Circuit Court of Appeals. Despite the fact that the district court necessarily had to determine whether the plaintiff stated a claim upon which relief could be granted before concluding that the named defendant was entitled to prosecutorial immunity, *see Castillo-Alvarez v. Haley*, No. 10-cv-04263, 2011 WL 22803 (D. Minn. Feb. 9, 2011) (making clear that state prosecutors are only immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties), and the fact that the district court found that the dismissal of the plaintiff's action constituted a strike for purposes of 28 U.S.C. § 1915(g), *see Castillo-Alvarez v. Haley*, No. 10-cv-04263, 2011 WL 839391 (D. Minn. Mar. 7, 2011) ("The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g)."), the Eighth Circuit Court of Appeals concluded that *Haley* did not constitute a strike. It also determined that the plaintiff only has two strikes after reviewing *Castillo-Alvarez v. Krukow*, No. 11-cv-04067 (N.D. Iowa Dec. 6, 2011) and *Castillo-Alvarez v. State of Iowa*, No. 10-cv-04085 (N.D. Iowa Mar. 31, 2011), granted the plaintiff in forma pauperis status

and directed the court to conduct further proceedings, including but not limited to those related to the collection of the appellate filing fees. Consistent with the Eighth Circuit Court of Appeals' remand, the court will address the appellate court filing fees and the district court filing fees, and, then, it will address the merits of the plaintiff's complaint.

## II. IN FORMA PAUPERIS STATUS AND RELATED FEES

The Eighth Circuit Court of Appeals granted the plaintiff in forma pauperis status for appellate purposes. With respect to the assessment and collection of the appellate filing fees, the plaintiff failed to submit an additional certificate of inmate account. In light of such failure, the plaintiff is assessed an initial appellate partial fee of $35.00, which he shall be directed to immediately submit to the clerk's office. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall be directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $505.00 appeal fees are paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of the plaintiff shall be directed to forward payments from the plaintiff's inmate account to the clerk's office each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The clerk's office shall be directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

Concerning the $350.00 district court filing fee, it is clear that the plaintiff is unable to pay it because he is indigent. Further, the court declines to require the plaintiff to pay any portion of it on an installment basis for several reasons. First, the court previously dismissed without prejudice the plaintiff's action because it mistakenly relied on 28 U.S.C. § 1915(g). Second, the court considered the nature of the plaintiff's action and concluded that, because the plaintiff is merely attempting to litigate issues that have already been litigated in prior suits and he is required to pay the filing fees associated with them, there is no need to encumber the plaintiff's prison account any further. Third, the plaintiff is

already required to pay the $505.00 appellate court filing fees. Even though the court noted in its prior order that the plaintiff's complaint is clearly related to his previous actions and the Eighth Circuit Court of Appeals could have reviewed the plaintiff's case and dismissed it as meritless, *see* 28 U.S.C. § 1915(e)(2)(B) (requiring a court to dismiss a case where in forma pauperis status is granted and it becomes apparent that the action or appeal is frivolous, malicious or fails to state a claim upon which relief can be granted); *Spirtas Co. v. Nautilus Ins. Co.*, 715 F.3d 667, 670-71 (8th Cir. 2013) (stating that dismissal may be affirmed on any basis supported in the record), the Eighth Circuit Court of Appeals did not do so. Consequently, the plaintiff shall be granted in forma pauperis status, but he shall not be required to pay the $350.00 district court filing fee.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490

U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. ANALYSIS

Because the court granted the plaintiff in forma pauperis status, it is required to review the merits of the plaintiff's complaint. Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim. The plain language of the complaint and the documents that the plaintiff submitted in his related cases indicate that the plaintiff is again suing Randy Krukow as a result of being imprisoned in Clay County, Iowa and being extradited from Iowa to Minnesota. *See Castillo-Alvarez v. Krukow*, No. 11-cv-04067 (N.D. Iowa Dec. 6, 2011); *Castillo-Alvarez v. State of Iowa*, No. 10-cv-04085 (N.D. Iowa Mar. 31, 2011). Because the court already addressed the plaintiff's claims, the plaintiff is precluded from raising them again. *See Lundquist v. Rice Mem. Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (setting forth factors that must be considered when barring a claim); *Robbins v. Dist. Ct. of Worth Cnty.*, 592 F.2d 1015, 1017-18 (8th Cir. 1979) (concluding that the principle of res judicata "operates as a bar to the relitigation of constitutional issues actually raised as well as to constitutional issues that could have been raised in a prior lawsuit if the second lawsuit concerns the same operative nucleus of fact"); *see also Castillo-Alvarez v. Krukow*, No. 11-cv-04067 (N.D. Iowa Dec. 6, 2011) (explaining that res judicata prevented another review of the claims). Accordingly, the instant action shall be dismissed with prejudice.

Alternatively, the applicable statute of limitations is the period governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under

42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). While Iowa's statute of limitations for personal injury tort claims determines the length of the statute of limitations for a 42 U.S.C. § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

*Id.* at 391 (alteration in original). So, under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the harm. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *cf. Richmond v. Clinton Cnty.*, 338 F.3d 844, 847 (8th Cir. 2003) (discussing accrual rule under state law).

It is clear from the record that the plaintiff did not file his action in a timely manner. Indeed, the plaintiff waited at least three years after his cause of action accrued to seek relief. Consequently, the applicable statute of limitations bars the plaintiff's claims against the defendant. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's

two-year statute of limitations); *Myers*, 960 F.2d at 751 (concluding that a district court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitations has run). Accordingly, the instant action shall be dismissed with prejudice.

In light of the foregoing, the plaintiff's complaint shall be dismissed for failing to state a claim upon which relief can be granted or because it is frivolous. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff is directed to immediately submit an initial appellate partial fee of $35.00 to the clerk's office. Additionally, the plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $505.00 appeal fees are paid in full. The agency having custody of the plaintiff is directed to forward payments from the plaintiff's inmate account to the clerk's office each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(2) The plaintiff is permitted to proceed in forma pauperis. The plaintiff is not required to pay the $350.00 district court filing fee.

(3) The plaintiff's 42 U.S.C. § 1983 action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

(4) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED** this 18th day of November, 2014.

                                                                               MARK W. BENNETT
                                                                               U. S. DISTRICT COURT JUDGE
                                                                               NORTHERN DISTRICT OF IOWA

TO:  **WARDEN/ADMINISTRATOR**
     **Stillwater Correctional Facility, Bayport, Minnesota**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Juan Humberto Castillo-Alvarez, #235086, an inmate at your facility, filed an appeal in the United States District Court for the Northern District of Iowa: *Castillo-Alvarez v. Krukow*, Case No. C14-4029-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $505.00 appellate fees. The United States District Court for the Northern District of Iowa has assessed an initial partial filing fee of $35.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the United States District Court for the Northern District of Iowa as required under the statute.

`/s/ djs, Deputy Clerk`
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa